WILLIAM H. COLLIER, JR., CASB No. 97491
ALBERT E. PEACOCK III, CASB No. 134094
JAMES R. GREENE, CASB No. 201468
KEESAL, YOUNG & LOGAN
A Professional Corporation
400 Oceangate
P.O. Box 1730
Long Beach, California 90801-1730
Telephone: (562) 436-2000
Facsimile: (562) 436-7416

Attorneys for Plaintiff
PU PROGRESS PTE LTD.

FILED
CLERK, U.S. DISTRICT COURT
DEC 22 1999
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

LODGED
CLERK, U.S. DISTRICT COURT
DEC 21 1999
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PU PROGRESS PTE LTD.,<br><br>Plaintiff,<br><br>vs.<br><br>JINGZHOU SHIPPING HEAD COMPANY; TIANJIN HARBOUR BONDED AREA WANLONG INTERNATIONAL TRADE COMPANY LTD.; TIANJIN DONG WAI INTERNATIONAL TRADE COMPANY LTD.; TIANJIN CENTRANS INTER-NATIONAL FORWARDING CO. LTD.; CHINA DALIAN HAIDA INTERNATIONAL SHIPPING AGENCY; CHINA DALIAN OCEAN SHIPPING TALLY CO., SINOAGENT XINGANG; CHINA OCEAN SHIPPING AGENCY, SHANGHAI; QUAST AND CO.; C. STEINWEG WAREHOUSING F.E. PTE LTD.; HCI; VIKUDHA OVERSEA CORPORATION; CASA CASTILLO HNOS CXA | Case No.: CV-99-11509 CAS (RNBx)<br><br>**SUPPLEMENTAL STIPULATION BETWEEN PLAINTIFFS AND CERTAIN DEFENDANTS** |

ENTERED ON ICMS
DEC 27 1999
CV



4

CALLE; FRITZ COMPANIES INC.; ZHUZHOU SMELTER; SINOPEC INTERNATIONAL DAQING COMPANY; CHINA PETROLCHEMICAL DALIAN INTERNATIONAL TRADE CO.; TELOON CHEMICAL CORP.; SINOCHEM HEILONGJIANG I/E CORP.; MCY INTERNATIONAL CO., INC.; PETROFIN CORP.; EGESTRA NV-ST.; HANIMARK INTER-NATIONAL CORP.; MANUCHAR N.V.; CREDIT AGRICOLE INDOSUEZ; BANKERS CREDIT AGRICLE INDOSUEZ HONG KONG; JOSE PAXEWONSKY E HIJOS C PRR A; DAHUACHEM,

Defendants.

---

IT IS HEREBY STIPULATED that the parties hereto agree to waive all claims in rem and in personam against the other parties hereto for damages for delay, but not physical damage to the cargo caused by or resulting from such delay, arising during the period from loading up to and including 48 hours after the date on which the Stipulation and Order Respecting Continuation of Voyage ("the voyage stipulation") is approved and signed by the Court. These claims for delay are subject to reinstatement should the vessel be again delayed for any unreasonable period after the aforesaid 48-hour period and prior to the completion of the voyage if the vessel owner and/or the vessel is legally liable for such delay. This stipulation does not waive claims for actual shortage, loss or damage or

defenses to such claims, but the terms of the voyage stipulation shall apply to all such claims and security thereunder.

IT IS FURTHER STIPULATED that cargo interests shall be entitled to appoint surveyors at any or the vessel's discharge ports to jointly inspect their respective cargoes with the vessel owner without thereby delaying the vessel, and the vessel owner shall afford the surveyors all reasonable access.

IT IS FURTHER STIPULATED that all cargo owners are responsible and shall undertake all steps necessary to arrange for and pay the costs of physical discharge of their own cargoes, including the opening and closing of hatch covers and for associated port costs and disbursements without regard to the terms of their respective bills of lading, but that they reserve their right to claim reimbursement from the vessel owner, the vessel or others for these costs at a later time as provided for in the Stipulation and Order Respecting the Continuation of the Voyage.

IT IS FURTHER STIPULATED that the vessel owner is responsible to arrange and pay the costs of transporting the cargo to the various destination ports including, but not limited to the costs of crewing, bunkering, repairing and provisioning the vessel for the voyage and the cost of transiting the Panama Canal. However, it is understood that the vessel owner specifically reserves it right to claim reimbursement for these costs from the cargo interests or others at a later time as provided for in the Stipulation and Order Respecting the Continuation of the Voyage.

///

///

The parties to this agreement hereby incorporate by reference the terms and conditions set forth in the Stipulation and Order Respecting the Continuation of the Voyage dated December ___, 1999.

IT IS SO STIPULATED AND AGREED:

Dated: December 21, 1999

WILLIAM H. COLLIER, JR.
ALBERT E. PEACOCK III
JAMES R. GREENE
KEESAL, YOUNG & LOGAN
Attorneys for Plaintiffs
PU PROGRESS *in rem,* and PU PROGRESS PTE. LTD. *in personam*

Dated: December 21, 1999

DAVID S. PORTER, ESQ.
PORTER, GROFF & LODWICK
Attorneys for Defendants
HOCHSCHILD PARTNERS LLC and LARPEN METALLURGICAL SERVICES, as agent for CHINA NATIONAL MACHINE & EQUIPMENT IMPORT & EXPORT CORPORATION

Dated: December 21, 1999

DAVID E. R. WOOLLEY
THEODORE H. FRANK, ESQ.
WOOLLEY RUSSELL & JOHNSON
Attorneys for Defendants
H.C.I. CHEMICALS NEDERLAND B.V. and MANUCHAR N.V.

IT IS SO ORDERED:

Dated: December 22, 1999

The Honorable ___________-- Snyder
United States District Court Judge

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Keesal, Young & Logan, 400 Oceangate, P. O. Box 1730, Long Beach, California 90801-1730.

On December 21, 1999, I served the foregoing document(s) described as **SUPPLEMENTAL STIPULATION BETWEEN PLAINTIFFS AND CERTAIN DEFENDANTS** on the parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

✓____**BY MAIL:** I deposited such envelope(s) in the mail at Long Beach, California. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after deposit for mailing in this declaration.

______**BY DHL**: I caused such envelope(s), fully prepaid on account, to be placed within the custody of DHL Worldwide Express at Long Beach, California.

______**BY FACSIMILE**:. I caused the above-referenced document(s) to be transmitted to the above-named person(s) at the facsimile telephone number exhibited therewith.

____**BY PERSONAL SERVICE**: I delivered such envelope(s) by hand to the offices of the addressee(s).

Pursuant to California Rules of Court, Rule 201, and the Local Rules of the United States District Court, I certify that all originals and service copies (including exhibits) of the papers referred to herein were produced and reproduced on paper purchased as recycled, as defined by Section 42202 of the Public Resources Code.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Janine Sullada

**SERVICE LIST**

**PU PROGRESS PTE LTD. v. JINGZHOU SHIPPING, et al.,
USDC Case No.: CV-99-11509 CAS (RNBx)**

David E. R. Woolley
Woolley, Russell & Johnson
444 West Ocean Blvd., Ste. 705
Long Beach, CA 90801

David S. Porter
Porter, Groff & Lodwick
110 Pine Ave., 11th Floor
P.O. Box 22686
Long Beach, CA 90802